UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00160-MOC

| | | |
|---|---|---|
| WENDELL J. LE MAITRE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU PARKER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Supplemental Complaint" [Doc. 30], which the Court will also construe as a motion to amend and to supplement his Complaint.

Pro se Plaintiff Wendell Jude Le Maitre ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Nash Correctional Institution in Nashville, North Carolina. On October 4, 2023, he filed this action pursuant to 42 U.S.C. § 1983. [Docs. 1, 1-1 (postmark)]. Several of Plaintiff's claims survived initial review, including a First Amendment retaliation claim against Defendants Parker, Boyd, Cook, and Caban. [Doc. 9]. On August 19, 2024, the Court entered its Pretrial Order and Case Management Plan, which set October 8, 2024, as the deadline to amend or add parties. [Docs. 9, 20].

Now pending is Plaintiff's Supplemental Complaint, which the Court also construes as a motion to amend and a motion to supplement. [Doc. 30]. In this filing, Plaintiff again sets forth the factual allegations underlying his original Complaint and adds additional allegations regarding events allegedly occurring on August 7, 2024. [See id.]. Plaintiff alleges, among other things, that Defendant Cook stole a stack of witness Affidavits for the instant case and another action Plaintiff has pending against one of Cook's colleague from Plaintiff's cell. [Id. at 14]. Plaintiff alleges

that when he reminded Defendant Cook that he, Plaintiff, already had an active lawsuit against him and that Cook needed to stop harassing him, Cook responded that Plaintiff needed to "kill the Lawsuits and it Will all STOP!" [Id.]. While Plaintiff seeks a declaration "that the acts and omissions described herein violated [his] rights Under the Constitution," he does not state any particular claim for relief relative to the alleged conduct. [See id.].

The Court will grant Plaintiff's motion in part. That is, to the extent Plaintiff purports to amend his Complaint, the motion is denied. The deadline to amend has expired and Plaintiff states no grounds in support thereof. As such, to the extent that any of the allegations of the instant filing are inconsistent with or purport to add claims in addition to his original allegations, they are stricken from the record in this matter. To the extent, Plaintiff seeks to supplement his Complaint with allegations of events transpiring since his original Complaint, the Court will grant his motion. See Fed. R. Civ. P. 15(d) (a party may on motion "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend and to Supplement [Doc. 30] is **DENIED in part** and **GRANTED in part** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that any allegation in Plaintiff's [30] Supplemental Complaint inconsistent with Plaintiff's [1, 8] original Complaint shall be **STRICKEN** from the record in this matter in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that any original Defendant wishing to respond to Plaintiff's [30] Supplemental Complaint shall do so within 21 days of this Order.

**IT IS SO ORDERED**.
Signed: December 30, 2024

Max O. Cogburn Jr
United States District Judge